MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7249
    FAX: (415) 436-6753
    Email:  andrew.scoble@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 12-0625 WHA |
| v. | STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED] PROTECTIVE ORDER |
| JAIME BALAM, a/k/a "Tweety," | |
| Defendant. | |

IT IS HEREBY STIPULATED, by and between the parties, through their undersigned counsel, that the [Proposed] Protective Order set forth below may be entered by the Court.

DATED:  April 9, 2015              Respectfully submitted,

                                      MELINDA HAAG
                                      United States Attorney

                                  _____/S/_____
                                    ANDREW M. SCOBLE
                                    Assistant United States Attorney

//

1   DATED:  April 9, 2015                          _____/S/_____
                                                    RICHARD L. TAMOR
2                                                   Counsel for Defendant Jaime Balam

3

4                          [~~PROPOSED~~] PROTECTIVE ORDER

5          (1)     The government asserts that general dissemination of certain "Protected Material" may

6   jeopardize the safety of certain individuals.

7          (2)     The term "Protected Material" applies to any and all materials that disclose or reasonably

8   suggest the identity or whereabouts of Protected Witnesses, including social security numbers, dates of

9   birth, driver's license numbers, and other such personal information.

10         (3)     In order to address these potential safety concerns, dissemination and possession of the

11  Protected Material shall be limited to the following persons:

12              (a)     counsel for the defendant in the above-captioned matter;

13              (b)     investigative, secretarial, clerical, paralegal and student personnel employed full-
                        time or part-time by counsel for the defendant;
14
                (c)     independent expert witnesses, investigators, translators, or advisors retained by
15                      the defendant in connection with this action; and

16              (d)     such other persons as hereafter may be authorized by the Court upon motion by
                        the defendant.
17

18         (4)     Possession and use of the Protected Material by the persons listed in Paragraphs 3(a)-(d)

19  are only for the purpose of preparing for and trying the criminal case of the defendant, and for no other

20  purpose.

21         (5)     Other than use during the trial of the defendant, the Protected Material shall not be

22  distributed, shown, or disseminated to anyone else, including counsel for any other defendant who was

23  charged in the underlying case captioned CR 08-0730 WHA and/or to any witness or potential witness,

24  nor shall the Protected Material be distributed, shown, or disseminated to anyone during the course of

25  any defense investigation.  The defendant may review Protected Material in the presence of counsel or

26  any other person designated under Paragraphs 3(b)-(d), but Protected Material shall not be left in the

27  custody of the defendant, nor shall the defendant be allowed to make copies of or to copy information

28  from Protected Material.  Review of Protected Material by the defendant in the presence of his counsel

1   or other designated persons may be conducted with the aid of an interpreter.  Unless the interpreter is a

2   designated person under Paragraph 3 of the Protective Order, the interpreter shall not retain possession

3   of any Protected Material outside the presence of counsel or other designated person.  The persons listed

4   in Paragraphs 3(a)-(d) may discuss Protected Witnesses with the defendant.  Nevertheless, during these

5   discussions, the persons designated under Paragraphs 3(a)-(d) shall not disclose to the defendant any

6   personal identification information of a Protected Witness – such as address, telephone number, date of

7   birth, and social security number – other than the Protected Witness's name.

8   　　　　(6)　　At the end of the trial of the defendant, counsel for the defendant shall return all the

9   Protected Material, and any and all copies of the Protected Material, to the government, which will

10  preserve the materials in case there is need for them in any future litigation.

11  　　　　IT IS SO ORDERED.

12

13  DATED:  April 13, 2015.

14  　　　　　　　　　　　　　　　　　HON. WILLIAM H. ALSUP
　　　　　　　　　　　　　　　　　　　United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28