IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 12-00625 WHA |
| v. | |
| JAIME BALAM, | **FINAL SCHEDULING ORDER** |
| Defendant. | |

Pursuant to Rules 12, 16 and 17.1 and *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (*en banc*), the Court issues the following scheduling order. The trial date is two years away at the request of both counsel and at the request of the accused, who was questioned by the Court about the delay at the status conference held on May 5, 2015. The undersigned judge examined the accused under oath, explained that the accused had a right to a speedy trial, and the accused expressly waived that right and agreed to the 2017 trial date. A status conference is set for **OCTOBER 13, 2015, AT TWO P.M.**

1. By **SEPTEMBER 30, 2016**, all materials required under Rule 16(a)(1)(A)–(F) to be produced by the government must be produced to defendant if he has made a written Rule 16 request. Any defense request under any aspect of Rule 16 must be made in writing and no later than **SEPTEMBER 10, 2016**. All such Rule 16 materials acquired after September 30 by the

government or any of its agents subject to Rule 16 must be produced within **FOURTEEN CALENDAR DAYS** of receipt or acquisition by government counsel or its agent (but, again, only if defendant has made a timely request). Failure to so produce will preclude use of any such evidence by the government (other than for impeachment or rebuttal). As to any such Rule 16 material produced after September 30, the burden shall be on the government to demonstrate compliance with the fourteen-day exception.

2. **STAGE ONE MOTIONS:**

On or before **OCTOBER 13, 2016**, all motions of the following type must be made or be deemed waived (absent good cause for a later filing):

- Rule 8 motions.
- Motions for bills of particulars.
- Motions alleging any defect in instituting the prosecution.
- Motions for disclosure of informants.
- Motions to dismiss or otherwise challenge the operative indictment for any reason based on the face of the pleading.
- Motions alleging selective prosecution.
- Motions for discovery of jury-composition records.
- Motions to deem state law enforcement or federal law enforcement other than ICE or the FBI to be an "agent" within the meaning of paragraph 1 above and/or for *Brady-Giglio* purposes. To the extent any such agency is later deemed to be such an agent, a new deadline shall be set as to such agencies other than ICE or the FBI, the latter two already being subject to the September 30 date in paragraph 1. The government may bring a motion to limit the scope to ICE, said briefing to be on the same schedule.
- Any motion by the government to keep secret the names and identities of civilian witnesses, who otherwise shall be disclosed as set forth hereafter. Any such motion must be specific as to the risks and reasons by individual witness and may be under seal and *ex parte*. Abbreviated memoranda and

declarations must be served on defense counsel allowing them to at least know the themes advanced under seal and *ex parte*. The submissions must address whether a protective order restricting use of the information would suffice.

- Discovery motions as to discovery problems known to counsel by **OCTOBER 13, 2016**.

As to all such motions, the oppositions must be filed within **21 CALENDAR DAYS**. Any replies must be filed within one week thereafter. The hearing will be on **NOVEMBER 23, 2016, AT 9:00 A.M.**

3. On or before **NOVEMBER 30, 2016**, the government shall provide (if defendant has made a timely written Rule 16(a)(1)(G) request therefor) all expert materials required under Rule 16(a)(1)(G), said reports, summaries and materials being tailored to the specific issues in the case. By the same date, the government shall provide defendant with a preliminary trial exhibit and preliminary witness list for its case-in-chief. All notices and requests under Rule 12(b)(4) must be made by **NOVEMBER 30** by all parties.

4. **STAGE TWO MOTIONS:**

On or before **DECEMBER 21, 2016**, defendant must file any of the following motions or deem them waived (absent good cause for a later filing):

- *Daubert* motions directed at any government expert witness. To tee this up, the government shall have completed and provided all summaries and reports on all experts including gang experts, autopsy, DNA, serology, fingerprint, narcotics, ballistics and so on no later than **NOVEMBER 30, 2016**, as stated above, with all foundational data provided by said date.
- Any other motions relating to government experts.
- Any suppression motions for which counsel is on fair notice of the grounds therefor.

The opposition must be filed within **21 CALENDAR DAYS**. Any replies must be filed within one week thereafter. The hearing will be on **JANUARY 31, 2017, AT 2:00 P.M.**

3

5. By **JANUARY 30, 2017**, the government must provide a trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses except to the extent a prior court order has allowed a postponement of such disclosure. All government expert reports and summaries shall already have been produced (under paragraph 3). By the same date, the government shall have produced all *Brady-Giglio* material unless allowed by prior order to postpone specific items for reasons of civilian witness security or for other good cause.

6. By **JANUARY 30, 2017**, all Rule 16 *defense* reciprocal disclosures, including expert reports and summaries, must be produced to the government and all Rule 12.1 and 12.2 defense notices must be given, if any. All rebuttal expert reports and summaries by the government shall be due **SEVEN CALENDAR DAYS** before the final pretrial conference. Any mental examinations shall occur on a schedule to be set by motion.

7. By **JANUARY 30, 2017**, all translations or transcripts of conversations or statements to be shown to the jury must be provided to defendant and any motions directed to their accuracy shall be heard at the final pretrial conference.

9. On **MARCH 15, 2017**, the final pretrial conference shall be held at **9:00 A.M.** All motions shall be due **FOURTEEN CALENDAR DAYS** before the conference with oppositions due seven calendar days before the conference.

10. For the final pretrial conference, defendant and the government must file any motions in limine as well as any of the following:

- Motions to exclude co-conspirator statements.
- Government *Daubert* motions or other motions directed at defense experts.
- Motions to exclude/include Rule 404(b) acts; to tee this up, the government must disclose all proposed Rule 404(b) material 35 calendar days before the final pretrial conference, and any motion to exclude must be filed fourteen calendar days before the final pretrial conference.
- Motions directed at the accuracy of transcripts of recordings to be shown to the jury.

4

11. On **APRIL 10, 2017**, trial shall commence at **7:30 A.M.** with jury selection.

12. Once the jury is sworn, only an open plea or Rule 11(c)(1)(B) plea will be allowed. Rule 11(c)(1)(C) and (A) plea agreements will not be allowed. A plea entered on the eve of trial may not qualify for acceptance of responsibility. The foregoing deadlines are mere deadlines and counsel are always free to notice a motion *sooner* than any deadline.

**IT IS SO ORDERED.**

Dated: May 6, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE