RICHARD A. TAMOR
TAMOR & TAMOR
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone: (415) 655-1969
Facsimile: (415) 887-7658
Email: rtamor@TamorLaw.com

Attorneys for Defendant JAIME BALAM

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME BALAM,<br><br>Defendant.<br>_____ | Case No.: CR-12-0625-WHA<br><br>DEFENDANT JAIME BALAM'S SENTENCING MEMORANDUM; REQUEST FOR VARIANCE TO SENTENCE OF 330 MONTHS<br><br>Date:   November 1, 2016<br>Time:   2:00 p.m.<br>Court:  Hon. William H. Alsup |

## I.   **INTRODUCTION**

In this case, the parties have crafted a Rule 11(c)(1)(A) and 11(c)(1)(B) plea agreement that allows the Court to sentence Mr. Balam to a reasonable sentence under the sentencing factors enumerated in 18 U.S.C. § 3553(a).  The defense, in accordance with the recommendation of the Government and U.S. Probation, submits that, under all the factors that this Court should consider, a downward variance to a sentence of 330 months is sufficient to adequately impress upon Mr. Balam the seriousness of his conduct, while addressing some of the sentencing

1

objectives of just punishment, rehabilitation, and deterrence as listed in U.S.C. § 3553(a). Sentencing will occur on November 1, 2016. Mr. Balam will be 27 years old.

There is no question that Mr. Balam committed very serious offenses for which the law dictates a harsh penalty. The requested 330 month sentence imposes severe punishment on this man who will spend 27 ½ of his life (longer than he has already been alive) in federal prison. Due to Mr. Balam's incarceration he has not been able will not be able to help his wife and two children whom he loves dearly. Given his parent's failing health, he will not likely see them again before they die.

Although this is a non-cooperation case, Mr. Balam has demonstrated a level of acceptance of responsibility that is quite unusual in a case of this type. Mr. Balam opted out of all litigation in this case, withdrawing from efforts to press even for further discovery, let alone challenge any searches and seizures. He has pleaded guilty to every single charge against him (except for Count Four), has rejected all rationalizations for his conduct, confessed his wrongdoing openly from the very day that he was first interviewed by in Mexico on October 21, 2013, and he has squarely faced the pain and distress he has caused the victims and their families in this case as well as his own family. He is remorseful for what he has done and he is trying to redeem himself. PSR ¶ 33.

Under the totality of these circumstances, the requested 330 month sentence is sufficient to serve the sentencing goals of 18 U.S.C. § 3553(a) and the defense asks that the Court impose that sentence at the time of sentencing.

## II. ARGUMENT

After *United States v. Booker,* 543 U.S. 220 (2005), the Court must consider, without preferring any single one factor, the factors listed in 18 U.S.C. § 3553(a) in order to impose a

2

sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing listed in § 3553(a)(2). The factors relevant to this Court's determination of an appropriate sentence under 18 U.S.C. § 3553(a) are as follows:

**(a) History and Characteristics of Mr. Balam and His Exposure to Poverty and Violence.**

Mr. Balam was born on February 2, 1989, in Yucatan, Mexico. Though his father drove a truck for a living, Mr. Balam and his family were poor. Mr. Balam has 8 siblings: Juan Balam (now 28, a cook), Marisol Balam (now 25, a home maker), Yarisa Balam (now 24, a homemaker), Myrna Balam (now 21, a homemaker), Araceli Balam (now 19, a homemaker), Zuri Balam (now 17, a student), Jario Balam (now 15, a student), and Merari Balam (11, a student). PSR ¶ 85. They all grew up in a small two room home with cement floors and they raised chickens and pigs and grew their own food. Still, despite his mother's efforts, they often would go to bed hungry. His father was largely absent from the home because of his work, and his mother and grandmother physically abused him as a form of discipline. Mr. Balam witnessed numerous acts of physical violence in the neighborhood including fighting in the streets and people cutting each other with machetes and razors and during election season people would shoot at each other. PSR ¶ 86.

None of these circumstances excuses criminal behavior of course, but they do help to explain how a man, who was born into poverty, exposed to violence at a young age, and left home to travel to another country at the age of 17, could develop such that criminal behavior becomes less easy to avoid. This is what happened to Mr. Balam.

///

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, Facsimile: (415) 887-7658

**(b) Family Ties and Responsibilities and Consequences of a 27 ½ year Sentence to Mr. Balam and his Family.**

Mr. Balam has been married to Sarahi Villafania for 6 years and he has two daughters, Jade (5) and Ashley (3). He loves them all dearly. PSR ¶ 52. He has not seen or spoken with them for three years because of his arrest in this matter and he fears for his daughters' safety because kidnappings are common in the Yucatan. Before he was arrested, Mr. Balam was the sole means of support for his family, but now his 24 year old wife has to struggle on her own to raise their two young daughters. Mr. Balam strongly desires to be actively involved in his wife's and daughters' lives. But he is realistic given the requested the requested 27 ½ year sentence—when Mr. Balam is ultimately released his daughters will be fully grown women with their own families. Though Mr. Balam will try to have some sort of relationship with his daughters when he is released, he will have missed their entire lives. And Mr. Balam is realistic: he doubts and does not expect that his wife will wait for him. Mr. Balam remains close to his family members, but he knows that he will never see his parents alive again given his parents physical illnesses. PSR ¶ 85.

**(c ) Nature and Characteristics of the Offense**

Mr. Balam and Mr. Balam alone bears the responsibility for his conduct. He committed all the acts noted in the PSR. In an effort to resolve the case, however, the defense and the government arrived at a resolution that struck a compromise, shortened the case and allowed Mr. Balam to request a sentence for a certain duration, in exchange for a giving up his defenses to the charged conduct and agreeing to plead guilty to all but 1count in the Indictment. Thus, this was a case involving real compromise of trial defenses, the saving of judicial and prosecutorial resources and a fair and just sentence for the conduct that Mr. Balam engaged in.

**(d) Retribution**

Mr. Balam willingly pleaded guilty to 9 serious felony offenses. Any sentence encompassing the requested sentence of 27 ½ years presents severe retribution for Mr. Balam's crimes. Mr. Balam has never before been in custody and the requested 27 ½ year sentence is longer than Mr. Balam has been alive.

**(e) Specific Deterrence**

Prior to and since the commission of these offenses in 2008/2009, Mr. Balam has not had any other meaningful contacts with law enforcement. He lived a stable, law abiding life. He has gone to work and taken care of his wife and daughters. The requested 27 ½ year sentence will effectively prevent him from seeing his daughters until they are in their 30s and will prevent him from seeing his parents alive again. It is clear that the terrible mistakes Mr. Balam has made in his young life has already and will doubtlessly continue to prevent Mr. Balam from ever coming into contact with the criminal justice system ever again.

**(f) General Deterrence**

The purpose of general deterrence is to deter others from committing crime. It is inarguable that Mr. Balam's requested sentence of 27 ½ years is deterrent enough for anyone likeminded to engage in similar conduct. Mr. Balam is 27 years old. After the completion of his sentence, he will be over 50 years old. He will have missed a large portion of his life.

///

U.S. v. JAIME BALAM, CR 12-0625-WHA; SENTENCING MEMORANDUM; REQUEST FOR VARIANCE TO SENTENCE OF 330 MONTHS

**(g) Rehabilitation**

Mr. Balam recognizes his wrongdoing and has accepted full responsibility for his actions. He has been open about his wrongdoing with his family.  Having stayed out of any trouble since the commission of this offense in 2008/2009, Mr. Balam is well on his way to rehabilitation.  Still, he recognizes that much work is still needed to continue on this path and put his live back together again.

**(h)  The Advisory Sentencing Guidelines**

The defense is in agreement with U.S. Probation's calculation of the applicable Sentencing Guidelines which renders a Total Offense level of 42 and a Criminal History Category of I. PSR ¶¶ 38-81.

### III. CONCLUSION

For the foregoing reasons, Mr. Balam respectfully submits that a sentence of 27 ½ years (330 months) is sufficient to fulfill the statutory mandate of 18 U.S.C. § 3553(a).


Date: August 26, 2016              Respectfully Submitted,
                                   TAMOR & TAMOR


                                   _____/s/_____
                                   By: RICHARD A. TAMOR, ESQ.
                                   Attorneys for Defendant,
                                   JAIME BALAM