# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Jaime Rafael Balam | ) **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>)<br>) USDC Case Number:  CR-12-00625-001 WHA<br>) BOP Case Number:  DCAN312CR00625-001<br>) USM Number:  20349-111<br>) Defendant's Attorney:  Richard Alan Tamor (Appointed) |

**Date of Original Judgment: 11/8/2016**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Other: _____

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive

☐ Direct Motion to District Court Pursuant 28 U.S.C. § 2255 or G18 U.S.C. § 3559(C)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☑ pleaded guilty to counts: One through Three, and Five through Ten of the Indictment.

☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.

☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Racketeering Conspiracy | 2/19/09 | 1 |
| 18 U.S.C. § 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering Activity | 2/19/09 | 2 |
| 18 U.S.C. § 1959(a)(6) | Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity | 2/19/09 | 3 |
| 18 U.S.C. §§ 1959(a)(5) & 2 | Attempted Murder in Aid of Racketeering Activity | 2/19/09 | 5-7 |
| 18 U.S.C. §§ 924(j)(1) & 2 | Use of a Firearm in Furtherance of Crime of Violence, Resulting in Death | 2/19/09 | 8 |
| 18 U.S.C. §§ 924(c)(1)(A) & 2 | Use of a Firearm in a Crime of Violence | 2/19/09 | 9 |
| 18 U.S.C. § 922(g)(5) | Firearm Possession by a Prohibited Person | 2/19/09 | 10 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☑ Count Four is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/8/2016
Date of Imposition of Judgment

Signature of Judge
The Honorable William Alsup
United States District Judge
Name & Title of Judge

November 29, 2016
Date

AO 245C (Rev. AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

DEFENDANT:  Jaime Rafael Balam                                                                    Judgment - Page 2 of 6
CASE NUMBER:  CR-12-00625-001 WHA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
330 months. This term consists of terms of 210 months on Counts One and Eight, 36 months on Count Three, 120 months on Counts Two, Five through Seven, and Ten, and 120 months on Count Nine. All counts to be served concurrently, but for Count Nine, a term of 120 months, which shall be served consecutive to the remaining Counts.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐   The Court makes the following recommendations to the Bureau of Prisons:
      Enter text

☑   The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____ am/pm on _____ (no later than 2:00 pm).

   ☐   as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   at _____ am/pm on _____ (no later than 2:00 pm).

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.




_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

DEFENDANT:  Jaime Rafael Balam                                                                                     Judgment - Page 3 of 6
CASE NUMBER:  CR-12-00625-001 WHA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  <u>Five years. This term consists of terms of</u>
<u>five years on Counts One, Eight, and Nine, three years on Counts Two, Five through Seven, and Ten, and one year on Count Three.</u>
<u>All counts to be served concurrently.</u>

The court imposes a five-year term of supervised release.  However, upon release from imprisonment, the defendant will likely be
deported and will not be in the United States to be supervised.  At all times, the defendant shall comply with the rules and regulations
of the Bureau of Immigration and Customs Enforcement and, if deported, shall not reenter the United States without the express
consent of the Secretary of the Department of Homeland Security.

If the defendant is deported, and within five year(s) of release from imprisonment returns to this country, legally or illegally, the
defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of
reentry.  If the defendant for some reason is not deported and remains in this country, the defendant shall be subject to the conditions
of supervised release and shall report to the nearest probation office within 72 hours of release from imprisonment.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future
      substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et*
      *seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she
      resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with
the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional
conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;
2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five
      days of each month;
3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation
      officer;
4)    The defendant shall support his or her dependents and meet other family responsibilities;
5)    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or
      other acceptable reasons;
6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
      controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person
      convicted of a felony, unless granted permission to do so by the probation officer;
10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit
      confiscation of any contraband observed in plain view of the probation officer;
11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law
      enforcement officer;
12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without
      the permission of the court; and
13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the
      defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such
      notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

DEFENDANT:  Jaime Rafael Balam                                                      Judgment - Page 4 of 6
CASE NUMBER:  CR-12-00625-001 WHA

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall participate in a substance abuse program that includes treatment and testing, as directed by the probation officer. The defendant is to pay for part or all the cost of treatment, in an amount not to exceed the total cost of urinalysis and counseling. The defendant shall adhere to a co-payment schedule as determined by the probation officer. The defendant shall not seek or obtain any prescription for the medical use of marijuana from any physician, and shall abstain from the use of marijuana.

3. The defendant shall participate in a mental health treatment program, and shall pay for part or all of the cost of treatment, as directed by the probation officer. The defendant shall adhere to a co-payment schedule as determined by the probation officer.

4. The defendant shall abstain from the use of all alcoholic beverages.

5. The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

6. The defendant shall at all times either have full-time employment, full-time training for employment, or full-time job search, or some combination thereof, unless otherwise excused by probation.

7. The defendant shall submit to a search of his person, residence, office, vehicle, or any property under his control, including any computers, cell phones, and other electronic devices. Such a search shall be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

8. The defendant shall not associate with any member of the MS-13 gang. The defendant shall have no connection whatsoever with the MS-13 gang or any other gang. If he is found to be in the company of such individuals or wearing the clothing, colors, or insignia of the MS-13, or any other gang, the court will presume that the association was for the purpose of participating in gang activities.

9. The defendant shall not have contact with any related case defendants, namely: Ivan Cerna, a/k/a "Tigre," Marvin Carcamo, a/k/a "Cyco," "Psycho," "Syco," Angel Noel Guevara, a/k/a "Peloncito," Moris Flores, a/k/a "Slow," "Slow Pain," Guillermo Herrera, a/k/a "Shorty," "Sparky," Jonathan Cruz-Ramirez, a/k/a "Soldado," Walter Cruz-Zavala, a/k/a "Sombra," Walter Palma, Daniel Portillo, a/k/a "Rustin," "Rooster," Erick Lopez, a/k/a "Spooky," Carlos Garrido, a/k/a "Tweety," Walter Chinchilla-Linar, a/k/a "Demonio," Cesar Alvarado, a/k/a "Momia," Abraham Martinez, Jose Alvarado, Douglas Largaespada, a/k/a "Droopy," Wilbert Castillo, a/k/a "Cypress," Jose Quinteros, a/k/a "Fantasma,"Melvin Maldonado, a/k/a "Estrano," "Stranger," Manuel Franco, a/k/a "Dreamer," Rodrigo Molina, a/k/a "Lil Payaso," "Payaso," Mauricio Urias, a/k/a "Puppet," Judith Sosa, a/k/a "J-Dubbs," John Lacsamana Briez, Jose Antunez, Aristides Carcamo, a/k/a "Indio," Rafael Montoya, a/k/a "Sapo," Rene Montes-Mayorga, a/k/a "Negro," Rodil Nochez, a/k/a "Chino," "Nieto," Daniel Gonzalez, a/k/a "D," Marlon Lumang, Luis Herrera, a/k/a "Killer," Danilo Velasquez, and Giovanni Hernandez.

10. Unless directed in writing otherwise, the defendant shall check his voice mail and/or answering machine on a daily basis to determine if any instructions were left by the probation officer. The defendant shall follow all such instructions, including but not limited to drug testing.

11. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

12. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245C (Rev. AO 09/11-CAN 11/13) Amended Judgment in Criminal Case
_____
DEFENDANT:  Jaime Rafael Balam                                                                         Judgment - Page 5 of 6
CASE NUMBER:  CR-12-00625-001 WHA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 900 | Waived | $ 21,650 |

☐   The determination of restitution is deferred until **_____**. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Moises Frias, Sr. | $21,650 | $21,650 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $21,650.00 | $21,650.00 | |

☑   Restitution amount ordered pursuant to plea agreement $ <u>21,650</u>

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the fine/restitution.

☐   the interest requirement is waived for the fine/restitution is modified as follows:
_____

_____
* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

DEFENDANT:  Jaime Rafael Balam                                                                          Judgment - Page 6 of 6
CASE NUMBER:  CR-12-00625-001 WHA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

A   ☑   Lump sum payment of _____$22,550_____ due immediately, balance due

     ☐   not later than _____ , or
     ☑   in accordance with   ☐ C,   ☐ D, or   ☐ E, and/or   ☑ F below); or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑   Special instructions regarding the payment of criminal monetary penalties:
     **During imprisonment, payment of the restitution is due at the rate of not less than $25 per quarter and payment
     shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on
     supervised release, the restitution must be paid in monthly payments of not less than $100 or at least 10 percent of
     earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Any established
     payment plan does not preclude enforcement efforts by the US Attorney's Office if the defendant has the ability to
     pay more than the minimum due. Restitution payments shall be made to the Clerk of U.S. District Court, Attention:
     Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s): _____

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:
     one Lorcin .380-caliber semiautomatic handgun, Serial Number 132371.

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or
     part of the restitution ordered herein and may order such payment in the future, but such future orders do not affect the
     defendant's responsibility for the full amount of the restitution ordered.

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.